## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DERRICK RAY,

     Plaintiff,

v.

BRIDGESTONE RETAIL OPERATIONS,
LLC d/b/a Tires Plus Total Car Care,

     Defendant.

Case No. 3:20-cv-857

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** the Plaintiff, DERRICK RAY, by and through the undersigned Counsel, and hereby sues BRIDGESTONE RETAIL OPERATIONS, LLC d/b/a Tires Plus Total Car Care, and alleges the following:

### JURISDICTION AND VENUE

1.      This is an action pursuant to 42 U.S.C. §§ 1981, 1982, and 1988 for compensatory damages, punitive damages, attorney fees, and costs.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (civil rights).

3.      Venue in this judicial district and division is proper, pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02.

4.      Plaintiff is a citizen and resident of Saint Augustine, Saint Johns County, Florida and of this judicial district and division.  Furthermore, all events giving rise to Plaintiff's claims occurred in Saint Johns County, Florida, in this judicial district and division.

5.      Defendant is a foreign limited liability company, organized under the laws of the State of Tennessee and doing business as Tires Plus Total Car Care in Ponte Vedra Beach, Saint Johns County, Florida.

6.      One of Plaintiff's hobbies is car maintenance and restoration. Plaintiff owns a 1986 Chevy Caprice that has been his "project car."

7.      By the middle of July 2020, Plaintiff had restored the Chevy Caprice to the point that Plaintiff was ready to put new tires on it.

8.      Defendant owns and operates a retail store, located at 220 Valley Circle in Ponte Vedra Beach, Florida.

9.      Defendant is principally engaged in the business of selling tires and related car maintenance products, as well as the business of providing car and tire maintenance services.

10.     On Saturday, July 18, 2020, at approximately 2:49 p.m., Plaintiff telephoned Defendant's Ponte Vedra Beach store and inquired about whether or not Plaintiff could purchase from Defendant four tires with the following specifications: 235/70/R15. Defendant's employee named Ashley spoke with Plaintiff.

11.     Initially, Ashley quoted Plaintiff a total price that included the cost of mounting and balancing the tires. However, Plaintiff advised her that he intended to purchase the tires without having Defendant mount or balance them on his Chevy Caprice.

12.     Ashley then advised that she would order the tires for Plaintiff, and that they would be available for Plaintiff to pick up and pay for early in the following week. The price of the tires was going to be approximately $62 per tire, plus tax.

13.     On Monday, July 20, 2020 at approximately 5:28 p.m., Plaintiff contacted Defendant and spoke with Ashley via telephone again. At the time, Ashley advised that the tires

were available for Plaintiff to come in and purchase. However, because Plaintiff was busy working, Plaintiff advised that he would contact Defendant against on Tuesday, July 21, 2020, to advise exactly when Plaintiff would be able to come purchase the tires.

14.     On Tuesday, July 21, 2020, at approximately 3:21 p.m., Plaintiff contacted Defendant and spoke with Ashley via telephone again. Plaintiff advised her that he would come to purchase and retrieve the four tires on Friday of that week.

15.     On Friday, July 24, 2020, at or about 12:00 p.m., Plaintiff entered Defendant's retail location at 220 Valley Circle in Ponte Vedra Beach, Florida.

16.     Initially, when he entered the retail store, a white male customer was completing a credit or debit card transaction with Defendant's white female employee, later identified as Ashley.

17.     After the white male customer completed the transaction, Plaintiff identified himself as Derrick Ray and advised Ashley that he was there to purchase the four tires.

18.     Plaintiff removed his debit card from his wallet and indicated that he was prepared to complete the purchase and sale transaction.

19.     Initially, Ashley appeared surprised that Plaintiff had identified himself as Derrick Ray and she asked him, "You are Derrick Ray?"

20.     Plaintiff reiterated and confirmed that he was Derrick Ray.

21.     Ashley then excused herself and retreated to the back, employees-only, area of the store where she made a phone call to her manager, Jon Hummel, II, a white male.

22.     After a few moments, Ashley returned to the front of the store where Plaintiff was, and she advised the Plaintiff that Defendant would be unable to accept Plaintiff's debit card, because of the risk that it might be a stolen debit card.

23.     She stated that, for Plaintiff to purchase the tires, he would have to pay cash, and Defendant would also need a copy of Plaintiff's ID.

24.     Plaintiff responded incredulously, saying that he had never heard of such a requirement. Ashley replied that she was simply following the orders of her manager.

25.     Plaintiff asked what would give Defendant any suspicion that his debit card was stolen.

26.     Plaintiff removed his driver's license from his wallet and attempted to show Ashley that the name on his debit card matches Plaintiff's name on his valid driver's license, and that his debit card was certainly not stolen.

27.     Ashley advised that, unless Plaintiff could pay with cash and permit the Defendant to make a copy of his ID, then, Plaintiff would not be able to purchase the four tires from Defendant.

28.     Plaintiff did not have sufficient cash on hand to be able to purchase the four tires, and Defendant knew that Plaintiff would not and did not have sufficient cash on hand to be able to purchase the four tires.

29.     Therefore, Defendant prohibited Plaintiff from purchasing the four tires, and Plaintiff was forced to leave Defendant's store without the four tires he had come there to purchase.

30.     At all times material, Plaintiff was polite, respectful, patient, and calm.

31.     Defendant's true reason for prohibiting Plaintiff from purchasing the four tires was race-based animus.

32.     Plaintiff has engaged the undersigned Counsel to represent him and has agreed pay the undersigned Counsel a reasonable attorney fee and costs.

## COUNT I – 42 U.S.C. §§ 1981 and 1988

33.     Plaintiff realleges paragraphs 1 through 33.

34.     This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to 42 U.S.C. §§ 1981 and 1988.

35.     Plaintiff is a member of a protected class, because he is African American.

36.     Plaintiff attempted to make or enforce a contract with Defendant.

37.     Defendant denied Plaintiff the right to make or enforce a contract.

38.     Defendant treated the Plaintiff less favorably than other white people who were similarly situated.

39.     Defendant intentionally discriminate against Plaintiff on the basis of Plaintiff's race.

40.     Defendant's racially discriminatory conduct abridged Plaintiff's right to make and enforce a retail contract.

41.     Specifically, Defendant's conduct amounted to discriminatory refusal to form a contract with the Plaintiff. Alternatively, Defendant's conduct amounted to an offer to make a contract with Plaintiff only on discriminatory terms.

42.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered extreme emotional distress, mental pain and suffering, and loss of capacity for the enjoyment of life. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff DERRICK RAY demands judgment against BRIDGESTONE RETAIL OPERATIONS, LLC d/b/a Tires Plus Total Car Care for the following:

a.   Compensatory damages, including general and special damages;

    b.   Punitive damages;

    c.   Costs of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988; and

    e.   Such other and further relief as this Honorable Court deems just and proper.

### **COUNT II – 42 U.S.C. §§ 1982 and 1988**

43.    Plaintiff realleges paragraphs 1 through 33.

44.    This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to 42 U.S.C. §§ 1981 and 1988.

45.    Plaintiff is a member of a protected class, because he is African American.

46.    Plaintiff attempted to purchase property from the Defendant.

47.    Defendant denied Plaintiff the right to purchase property from the Defendant.

48.    Defendant treated the Plaintiff less favorably than other white people who were similarly situated.

49.    Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

50.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered extreme emotional distress, mental pain and suffering, and loss of capacity for the enjoyment of life. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff DERRICK RAY demands judgment against BRIDGESTONE RETAIL OPERATIONS, LLC d/b/a Tires Plus Total Car Care for the following:

    a.   Compensatory damages, including general and special damages;

    b.   Punitive damages;

    c.   Costs of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988; and

    e.   Such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

51.    Plaintiff demands a trial by jury on all issues so triable as of right.

Dated July 31, 2020.                 **THE BONDERUD LAW FIRM, P.A.**

*/s/ **Andrew Bonderud***
Andrew M. Bonderud, Esq.
**TRIAL COUNSEL**
Florida Bar No. 102178
301 W. Bay Street, #1433
Jacksonville, FL 32202
(904) 438-8082 (telephone)
(904) 800-1482 (facsimile)
Andrew@Jax.Lawyer
Jesus@Jax.Lawyer
Jessica@Jax.Lawyer
BonderudLaw@gmail.com
*Counsel for Plaintiff*