UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK RAY,

    Plaintiff,

v.   CASE NO.: 3:20-cv-857-J-34JRK

BRIDGESTONE RETAIL
OPERATIONS, LLC d/b/a Tires
Plus Total Car Care,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF AND REQUEST FOR SANCTIONS

Plaintiff has failed to produce basic relevant discovery that Plaintiff, during the time he was represented by two different attorneys, did not object to producing. Pursuant to Rules 34 and 37, Federal Rules of Civil Procedure, Defendant, Bridgestone Retail Operations, LLC d/b/a Tires Plus Total Car Care ("Bridgestone"), files this Motion to Compel the Production of Documents from Plaintiff, Derrick Ray, now proceeding *pro se*,[1] and requests the Court to order

---

[1] By Order dated January 7, 2021 (Doc. No. 18), the Court granted a Motion to Withdraw by Plaintiff's first counsel, Andrew Bonderud (Doc. No. 16). On the same day, January 7, 2021,

Plaintiff to pay attorneys' fees and costs associated with this Motion. The documents sought from Plaintiff relate directly to the issues in this case and were originally due in December 2020.

## I.    Background

Plaintiff commenced this action on July 31, 2020, by filing the Complaint (Doc. No. 1) against Bridgestone for claims involving alleged race discrimination. *See* Compl. ¶¶ 34-42, 44-50. The parties have engaged in discovery as follows:

1.   On September 4, 2020, the parties entered into a Confidentiality Agreement.

2.   On September 22, 2020, Plaintiff served Bridgestone with his First Request for Production of Documents and First Set of Interrogatories.

3.   On October 2, 2020, Bridgestone provided Plaintiff, through his first counsel, with its initial disclosures.

4.   On October 5, 2020, Plaintiff, through his first counsel, provided Bridgestone with his initial disclosures.

---

the Court entered an Order (Doc. No. 19) informing Plaintiff of some of the procedural rules with which Plaintiff must comply even though he is proceeding *pro se*. By Order dated February 25, 2021 (Doc. No. 23), the Court granted a Motion to Withdraw by Plaintiff's second counsel, Elroy John (Doc. No. 22). The Court entered a second Order (Doc. No. 24) reminding Plaintiff of some of the procedural rules with which Plaintiff must comply while proceeding *pro se*.

5. On November 5, 2020, Bridgestone served Plaintiff with its First Request for Production, First Request for Admissions, and First Set of Interrogatories. A copy of Bridgestone's First Request for Production is attached as Exhibit A. A copy of Bridgestone's First Set of Interrogatories is attached as Exhibit B.

6. On November 10, 2020, Bridgestone served Plaintiff with its Second Request for Production and Second Set of Interrogatories. A copy of Bridgestone's Second Request for Production is attached as Exhibit C. A copy of Bridgestone's Second Set of Interrogatories is attached as Exhibit D.

7. On November 13, 2020, Plaintiff responded to Bridgestone's Request for Admissions.

8. On November 20, 2020, the parties entered into a second Confidentiality Agreement.

9. On December 3, 2020, Bridgestone responded to Plaintiff's discovery requests and produced documents.

10. On December 30, 2020, after conferring with Plaintiff's first counsel, Bridgestone noticed the videotaped deposition of Plaintiff for February 3, 2021.

11. On January 5, 2021, after Plaintiff's first counsel conferred with

Bridgestone, Plaintiff noticed the depositions of Bridgestone employees Ashley Feliciano and Jon Hummel for January 21, 2021.

12. Eight days before Plaintiff's scheduled deposition, on January 26, 2021, Plaintiff, through his second counsel, served his Responses to Bridgestone's First and Second Requests for Production and Plaintiff's Unverified Answers to Bridgestone's First and Second Sets of Interrogatories. A copy of Plaintiff's Responses to Bridgestone's First and Second Requests for Production is attached as Exhibit E. A copy of Plaintiff's Unverified Answers to Bridgestone's First and Second Sets of Interrogatories is attached as Exhibit F.

13. On this same date, January 26, 2021, Plaintiff's second counsel sent Bridgestone a weblink with seven items: five PDF files and two MOV files as follows:

    a. Ray D – App. For Title (GMC)
    b. Ray D – Auto Insurance ID
    c. Ray D – Auto Insurance Policy History
    d. Ray D – Vehicle Reg
    e. Ray D – Vehicle Registration (GMC)
    f. IMG_0690
    g. IMG_0691.

14. On February 2, 2021, one day before Plaintiff's scheduled deposition, Plaintiff, through his second counsel, served Plaintiff's Verified Answers to

4

Defendant's First and Second Sets of Interrogatories and produced one additional PDF file: Ray-D – July 2020 Phone Logs. A copy of Plaintiff's Verified Responses to Defendant's First and Second Interrogatories is attached as Exhibit G.

15. During Plaintiff's deposition on February 3, 2021, Bridgestone reminded Plaintiff and his second counsel of Plaintiff's outstanding discovery and specifically requested the following items that Plaintiff mentioned during his deposition and that were encompassed in Bridgestone's requests:

 a. Receipts for the four tires.
 b. Papers that Plaintiff had in his back pocket in the store on July 24, 2020.
 c. Information regarding Plaintiff's four Chase Bank accounts – two personal and two business accounts.
 d. Plaintiff's text messages with Ed Henderson.

16. On February 8, 2021, Plaintiff, through his second counsel, served Bridgestone with a Notice of Video-Recorded Deposition of Defendant, Bridgestone Retail Operations, LLC, d/b/a Tires Plus Total Car Care, and Request for Production Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 34(a).

17. On February 10, 2021, the parties participated in a mediation but were unable to resolve the matter. (*See* Doc. No. 21.)

18. On February 18, 2021, Bridgestone and Plaintiff's second counsel

conferred via telephone regarding outstanding discovery. Plaintiff's second counsel indicated he planned to move to withdraw but would assist in the meantime with Plaintiff's outstanding discovery.

19. On February 19, 2021, Bridgestone emailed Plaintiff's second counsel to confirm the telephone conferral and again request the outstanding discovery. Bridgestone emailed a detailed list of the outstanding discovery. Bridgestone asked Plaintiff's second counsel to forward Plaintiff the email with Bridgestone's detailed request for production.

20. On March 10, 2021, Bridgestone responded to Plaintiff's 30(b)(6) Request for Production.

21. Pursuant to Rule 37, Federal Rules of Civil Procedure, and Rule 3.01(g), Local Rules of the United States District, Middle District of Florida, on March 10, 2021, Bridgestone sent Plaintiff a letter, via email and certified mail, requesting that Plaintiff comply with Bridgestone's First and Second Requests for Production.

22. On March 19, 2021, undersigned counsel and Plaintiff, now *pro se*, agreed that Plaintiff would deliver outstanding discovery to counsel on March 22, 2021. Plaintiff telephoned counsel's office on March 22, 2021 to inform

counsel he would not be delivering any additional discovery.

23. Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, undersigned counsel for Bridgestone has conferred in good faith with Plaintiff via telephone at least twice, and more frequently via email (as recently as April 1, 2021) to obtain the outstanding discovery without Court intervention.

24. Plaintiff's discovery remains outstanding.

## II. Legal Standard

"Generally, a party is entitled to discovery relevant to the subject matter of the lawsuit, so long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Hubbard v. R-Macs, Inc.*, No. 3:07-CV-609-J-16JRK, 2008 WL 11336838, at *1 (M.D. Fla. Apr. 21, 2008) (Klindt, J.) (quoting Fed. R. Civ. P. 26(b)(1)). Rule 26(b)(1), Federal Rules of Civil Procedure ("Rule(s)") is interpreted broadly and construed liberally. *Id.* Rule 34 permits a party to serve on any other party a request to produce documents. If a party fails to produce the requested documents, the requesting party may move the court to compel production in accordance with Rule 37.

The requesting party must demonstrate that the request "'is relevant, i.e., calculated to lead to admissible evidence.'" *Fluker v. Allied Auto. Grp.*, Nos. 3:06-

cv-119-J-32JRK, 3:06-cv-434-J-32JRK, 3:06-cv-1105-J-32JRK, 3:07-cv-831-J-32JRK, 2009 WL 10670759, at *4 (M.D. Fla. Jan. 15, 2009) (Klindt, J.) (quoting *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990)). Motions to compel are committed to the sound discretion of the Court. *Fluker*, 2009 WL 10670759, at *4 (citing *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). If the Court grants a motion to compel, or if the discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

**III.   Discussion**

    **A.   Outstanding discovery**

Bridgestone requests that the Court compel Plaintiff to produce the following outstanding discovery:

    1.    Bridgestone's First Request for Production of Documents:

        **Request No. 1**: All documents reviewed, referred to, or relied upon in connection with the preparation of your answers to Bridgestone's First Set of Interrogatories.

        Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 2**: All documents identified and/or listed in your answers to Bridgestone's First Set of Interrogatories.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 5**: All communications, diaries, notes, records, memoranda, records, telephone or other conversations that you prepared, maintained or kept, or participated in preparing, maintaining or keeping, regarding the lawsuit, the Defendant, any of Defendant's employees, and/or any of Defendant's retail stores.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 9**: All documents that support, refer, or relate to Plaintiff's allegations that Bridgestone or Bridgestone's employees discriminated against you, or any reporting by you of issues relating to discrimination.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 13**: All documents and correspondence relating to the 1986 Chevy Caprice, referred to as Plaintiff's "project car," as alleged in the Complaint at paragraphs six and seven, including, but not limited to, all titles of ownership, registrations, license plate documentation, insurance documentation, bills of sale, receipts, receipts for auto parts and equipment used with or installed on the vehicle, and all other service records.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 15**: All documents, including telephone records, relating to the telephone calls alleged in the Complaint at paragraphs ten through fourteen.

Plaintiff's Response: Objection, vague. Without waiving the foregoing objection, see responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 16**: All financial records supporting that Plaintiff had sufficient funds available on July 24, 2020 to purchase the four tires at $62.00 each, plus tax.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 18**: Copies of all non-privileged written and electronic letters, correspondence, messages, emails, and text messages that Plaintiff sent to any other person or entity that relates to any of the allegations in the Complaint or any facts that are relevant to any claims or defenses in the Lawsuit.

Plaintiff's Response: See responsive documents forwarded contemporaneously with this filing via weblink.

**Request No. 19**: Copies of all documents received in response to any subpoena issued by Plaintiff or Plaintiff's counsel in connection with the Lawsuit.

Plaintiff's Response: None.

**Request No. 20**: Pursuant to the right to inspect property under Rule 34, Defendant Requests that Plaintiff make the "project car," as alleged in the Complaint at paragraphs six and seven, available for inspection by Defendant and its representatives at a mutually agreeable time and place.

Plaintiff's Response: None.[2]

2. Bridgestone's Second Request for Production of Documents:

**Request No. 2**: All documents relating to each vehicle identified in response to Interrogatory Number 1 of Bridgestone's Second Set of Interrogatories to Plaintiff, including, but not limited to, all titles of ownership, registrations, license plate documentation, insurance documentation, bills of sale, receipts, receipts for auto parts and equipment used with or installed on the vehicle, and all other service records.

Plaintiff's Response: See responsive documents contemporaneously forwarded with this filing via weblink.

3. Outstanding discovery mentioned during Plaintiff's deposition, which were encompassed within Bridgestone's requests for documents:

    a. Receipts for the four tires.

    b. Papers that Plaintiff had in his back pocket in the store on July 24, 2020.

    c. Information regarding Plaintiff's four Chase Bank accounts – two personal and two business accounts.

    d. Plaintiff's text messages with Ed Henderson.

4. Clearer copies of the following two PDF files:

    a. Ray D – App for Title (GMC).pdf

    b. Ray D – Vehicle Registration (GMC).pdf.

---

[2] It appears the responses to requests 19 and 20 may have been combined. Plaintiff should provide sufficient answers to each request.

**B.     The Court should compel Plaintiff to produce the outstanding discovery.**

The outstanding discovery is directly related to the issues in this case. Except in Plaintiff's response to Request No. 15, Plaintiff did not object to producing the outstanding discovery. Rather, Plaintiff represented that the responsive documents were sent through the weblink sent contemporaneously with Plaintiff's responses. That is incorrect. The weblink contained just the following seven items:

1. Ray D – App. For Title (GMC)
2. Ray D – Auto Insurance ID
3. Ray D – Auto Insurance Policy History
4. Ray D – Vehicle Reg
5. Ray D – Vehicle Registration (GMC)
6. IMG_0690
7. IMG_0691.

An eighth item (Ray D – July 2020 Phone Logs) was provided later by email. The "Ray D – App. For Title (GMC)" is partially cut off at the top of the document, and "Ray D – Vehicle Registration (GMC)" is partially cut off on both the right and left sides. The eight documents do not respond to all of Bridgestone's discovery requests.

Regarding Request No. 15, Plaintiff responded, "Objection, vague" but represented that he sent responsive documents in the weblink. The only

document responsive to that request, however, was not included in the weblink but was provided to Bridgestone by email seven days later. "Ray D – July 2020 Phone Logs" is a four-page document listing "Text / instant messaging" and "Multimedia message" from July 14, 2020 through July 27, 2020. It is unclear from the document what telephone number the document relates to, and it appears that no telephone calls are included in the document as requested in Request No. 15. This is relevant because Plaintiff testified that he used his cell phone to call Bridgestone multiple times before the incident and to call a customer service line after the incident. *See* Deposition of Derrick Ray 60:3-61:11, 71:13-72:10, a copy of which is attached as Exhibit H. Bridgestone requests that the Court compel Plaintiff to produce all responsive documents to Bridgestone's discovery requests listed above.

**C.    The Court should award attorneys' fees and costs against Plaintiff and in favor of Bridgestone.**

Pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, if the Court grants this Motion to Compel Bridgestone respectfully requests that the Court order Plaintiff to pay all attorneys' fees and costs associated with this Motion. Bridgestone attempted to obtain the outstanding discovery through Plaintiff's two former attorneys and through Plaintiff directly. Bridgestone has extended

professional courtesies to Plaintiff's former attorneys. Bridgestone has repeatedly extended courtesies to Plaintiff during his tenure as a *pro se* litigant. Plaintiff has left Bridgestone no choice but to ask the Court to compel him to produce the discovery. The Court should not require Bridgestone to pay the costs and attorneys' fees associated with bringing this Motion to Compel, especially considering the numerous deadline extensions. Plaintiff refuses to produce the most basic relevant discovery, most of which Plaintiff acknowledges possessing and, through his first and second counsel, did not object to producing.

### IV.  Conclusion

Bridgestone requests that the Court order Plaintiff to produce all outstanding discovery and pay for Bridgestone's attorneys' fees and costs associated with this Motion.

### Local Rule 3.01(g) Certification

Defendant has conferred with Plaintiff via email and telephone regarding the relief sought in this Motion to Compel. Plaintiff opposes the relief sought in this Motion to Compel.

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By: s/Brian T. Coughlin
  Brian T. Coughlin
  Florida Bar No. 713732
  btc@bedellfirm.com
  Valeen M. Arena
  Florida Bar No. 117594
  vma@bedellfirm.com
  The Bedell Building
  101 East Adams Street
  Jacksonville, Florida 32202
  Telephone: (904) 353-0211

Counsel for Defendant, Bridgestone Retail Operations, LLC d/b/a Tires Plus Total Car Care

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of April 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Plaintiff Derrick Ray. I further certify that I served the foregoing via certified mail to the following:

>Derrick Ray
>8990 U.S. 1 N.
>Saint Augustine, FL 32095
>Derrickray1979@gmail.com

>s/Brian T. Coughlin
>Brian T. Coughlin
>btc@bedellfirm.com
>The Bedell Building
>101 East Adams Street
>Jacksonville, Florida 32202
>Telephone: (904) 353-0211