UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK RAY,

    Plaintiff,

v.                                             CASE NO.: 3:20-cv-857-J-34JRK

BRIDGESTONE RETAIL
OPERATIONS, LLC d/b/a Tires
Plus Total Car Care,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL**
**INSPECTION OF VEHICLE AND REQUEST FOR SANCTIONS**

       Plaintiff represented that he would make the 1986 Chevy Caprice vehicle available for inspection. Now, after Bridgestone scheduled the inspection, Plaintiff refuses to allow the inspector to touch the vehicle. Pursuant to Rules 34 and 37, Federal Rules of Civil Procedure, Defendant, Bridgestone Retail Operations, LLC d/b/a Tires Plus Total Car Care ("Bridgestone"), files this Motion to Compel the inspection against Plaintiff, Derrick Ray, proceeding *pro se*, and requests the Court to order Plaintiff to pay attorneys' fees and costs associated with this Motion.

I. **Background**

On April 6, 2021, Bridgestone filed the Motion to Compel Production of Documents from Plaintiff and Request for Sanctions. (Doc. No. 25; First Motion.)[1] By Order dated April 27, 2021, the Court directed Plaintiff to respond to the First Motion by May 18, 2021, and warned that the failure to respond will result in the First Motion being deemed unopposed in its entirety. (Doc. No. 26 at 2.) Since filing the First Motion, on April 12, 2021, Plaintiff and Bridgestone's counsel met in person for approximately one hour to discuss the outstanding discovery. On April 13, 2021, Plaintiff produced two new documents— (1) a one-page screenshot of one bank account transaction detail; and (2) a one-page screenshot of Plaintiff's text, instant messaging, and multimedia messaging log, which does not include telephone calls. On April 16, 2021, Plaintiff produced the 1986 Chevy Caprice vehicle registration, which was previously produced on January 26, 2021, through Plaintiff's second counsel.

On November 5, 2020, Bridgestone requested in its request number twenty that Plaintiff make the "project car," as identified in the Complaint, available for

---

[1] In the First Motion, Bridgestone provided the relevant discovery background. (*See* First Motion ¶¶ 1-24.) Bridgestone incorporates into this Motion the discovery background provided in the First Motion.

inspection. (*See* Doc. No. 25-1 at 7.) Plaintiff, represented by counsel at that time, did not object to the inspection. (*See* Doc. 25-5 at 5.)[2] As of the date of this Motion, Plaintiff has refused to permit the inspection.

Bridgestone conferred with Plaintiff and a vehicle inspector to schedule a mutually convenient time and place to inspect the vehicle. The vehicle inspection was scheduled for Thursday, May 6, 2021, at 4:00 p.m. at Plaintiff's home where the vehicle is located. On Friday, April 30, 2021, Plaintiff notified Bridgestone's counsel that he would not allow the inspector to touch the vehicle during the inspection. Bridgestone notified Plaintiff that the vehicle inspector must touch the vehicle to complete an inspection, but that the vehicle's condition would not be disturbed by the inspection. Plaintiff refused to allow an inspection. Bridgestone requests that the Court compel Plaintiff to allow the vehicle inspection.

## II.    Legal Standard

"Generally, a party is entitled to discovery relevant to the subject matter of the lawsuit, so long as it 'appears reasonably calculated to lead to the discovery of

---

[2] It appears the responses to requests nineteen and twenty may have been combined. (*See* Doc. 25-5 at 5.) In its First Motion, Bridgestone requested that the Court compel Plaintiff to provide sufficient answers to both request numbers nineteen and twenty. (*See* First Motion at 11 n.2.)

3

admissible evidence.'" *Hubbard v. R-Macs, Inc.*, No. 3:07-CV-609-J-16JRK, 2008 WL 11336838, at *1 (M.D. Fla. Apr. 21, 2008) (Klindt, J.) (quoting Fed. R. Civ. P. 26(b)(1)). Rule 26(b)(1), Federal Rules of Civil Procedure ("Rule(s)") is interpreted broadly and construed liberally. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 34 permits a party to serve on any other party a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). A Rule 34(a)(2) request "does not require any particular form." *See Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012) (considering the parties' communications regarding the inspection, finding that the defendant's conduct was not substantially justified, and ordering the defendant to pay the cost of the inspection). If a party fails to permit the inspection, the requesting party may move the court to compel the inspection in accordance with Rule 37. *See, e.g., Ventrudo v. United States*, No. 3:13-CV-862-J-34MCR, 2014 WL 12641583, at *2 (M.D. Fla. Apr. 9, 2014) (Richardson, J.) (directing the parties to "confer personally or by telephone in a good faith effort to determine

4

a reasonable time, place, manner and scope of inspection of the subject vehicle");

*Scruggs*, 278 F.R.D. at 702 (granting the motion to compel the inspection).

The requesting party must demonstrate that the request "is relevant, i.e., calculated to lead to admissible evidence." *Fluker v. Allied Auto. Grp.*, Nos. 3:06-cv-119-J-32JRK, 3:06-cv-434-J-32JRK, 3:06-cv-1105-J-32JRK, 3:07-cv-831-J-32JRK, 2009 WL 10670759, at *4 (M.D. Fla. Jan. 15, 2009) (Klindt, J.) (quoting *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990)). Motions to compel are committed to the sound discretion of the Court. *Fluker*, 2009 WL 10670759, at *4 (citing *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). If the Court grants a motion to compel, or if the discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

### III.   Discussion

#### A.   Outstanding discovery

Bridgestone requests that the Court compel Plaintiff to permit the inspection of the 1986 Chevy Caprice vehicle as requested in the following outstanding

discovery:

> Bridgestone's First Request for Production of Documents:
>
>> [Request No.] 20: Pursuant to the right to inspect property under Rule 34, Defendant Requests that Plaintiff make the "project car," as alleged in the Complaint at paragraphs six and seven, available for inspection by Defendant and its representatives at a mutually agreeable time and place.
>
> Plaintiff's Response:
>
>> None.

(Doc. Nos. 25-1 at 7; 25-5 at 5.)

### B.     The Court should compel Plaintiff to permit the vehicle inspection.

The outstanding discovery is directly related to the issues in this case. Plaintiff alleges that one of his "hobbies is car maintenance and restoration" and that he "owns a 1986 Chevy Caprice that has been his 'project car.'" (Compl. ¶ 6.) Plaintiff alleges that by mid-July 2020, he "had restored the Chevy Caprice to the point that Plaintiff was ready to put new tires on it." (*Id.* ¶ 7.) Plaintiff "inquired about whether or not [he] could purchase from Defendant four tires with the following specifications: 235/70/R15." (*Id.* ¶ 10.) Moreover, Bridgestone's affirmative defenses include that Plaintiff failed to mitigate his damages and that

he could not have purchased the tires from Bridgestone as carry-out merchandise because he did not have the required information available pursuant to Bridgestone's carry-out merchandise policy. (*See* Doc. No. 15 at 10-11.)

Plaintiff did not object to permitting the vehicle inspection. Throughout this case, Plaintiff has consistently represented through his former counsel and while proceeding *pro se* that he would make the vehicle available for inspection. Only after the inspection was scheduled did Plaintiff refuse to allow the inspector to touch the vehicle during the inspection. The Court should permit Bridgestone to inspect the vehicle identified in the Complaint and that Plaintiff alleged was ready for new 235/70/R15 tires. The vehicle inspection is relevant to the issues in the Complaint and Bridgestone's defenses.

**C.     The Court should award attorneys' fees and costs against Plaintiff and in favor of Bridgestone.**

Pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, if the Court grants this Motion to Compel, Bridgestone respectfully requests that the Court order Plaintiff to pay all attorneys' fees and costs associated with this Motion. Individually and through his former counsel, Plaintiff represented that he would make the vehicle available for inspection. After Bridgestone spent time and money

to schedule the inspection at the agreeable time and location, Plaintiff notified Bridgestone's counsel that he will not permit the inspector to touch the vehicle during the inspection. The vehicle inspector must touch the vehicle to complete the inspection.

Similar to the First Motion, again Plaintiff has left Bridgestone no choice but to ask the Court to compel him to permit the inspection. The Court should not require Bridgestone to pay the costs and attorneys' fees associated with bringing this Motion to Compel, especially considering the numerous conferrals with Plaintiff. Plaintiff, through his first and second counsel, did not object to the inspection but now refuses to permit it.

## IV. Conclusion

Bridgestone requests that the Court order Plaintiff to permit the vehicle inspection and pay for Bridgestone's attorneys' fees and costs associated with this Motion.

### Local Rule 3.01(g) Certification

Bridgestone has conferred with Plaintiff via email regarding the relief sought in this Motion to Compel. Plaintiff opposes the relief sought in this Motion.

BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
Professional Association

By: s/Brian T. Coughlin
    Brian T. Coughlin
    Florida Bar No. 713732
    btc@bedellfirm.com
    Valeen M. Arena
    Florida Bar No. 117594
    vma@bedellfirm.com
    The Bedell Building
    101 East Adams Street
    Jacksonville, Florida 32202
    Telephone: (904) 353-0211

Counsel for Defendant, Bridgestone Retail Operations, LLC d/b/a Tires Plus Total Car Care

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of May 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Plaintiff Derrick Ray. I further certify that I served the foregoing via certified mail to the following:

> Derrick Ray
> 8990 U.S. 1 N.
> Saint Augustine, FL 32095
> Derrickray1979@gmail.com

> s/Brian T. Coughlin
> Brian T. Coughlin
> btc@bedellfirm.com
> The Bedell Building
> 101 East Adams Street
> Jacksonville, Florida 32202
> Telephone: (904) 353-0211