# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DERRICK RAY,

        Plaintiff,

v.                                         Case No. 3:20-cv-857-MMH-JRK

BRIDGESTONE RETAIL
OPERATIONS, LLC, d/b/a
Tires Plus Total Car Care,

        Defendant.
_____

## **O R D E R**

## **I. Status**

This cause is before the Court on Defendant's Motion to Compel Inspection of Vehicle and Request for Sanctions (Doc. No. 27; "Motion"), filed May 4, 2021. The Court entered an Order on May 5, 2021, taking the Motion under advisement and giving Plaintiff until May 26, 2021 to file a response to the Motion. See Order (Doc. No. 28). On May 14, 2021, Plaintiff filed a one-line response (Doc. No. 29) stating that "[t]he outstanding discovery being requested is irrelevant to the occurrences of July 24, 2020." The undersigned, upon review of the filings, entered an Order setting a hearing on the Motion. See Order (Doc. No. 30), entered June 3, 2021.[1]

---

[1] The hearing was also set on Defendant's Motion to Compel Production of Documents from Plaintiff and Request for Sanctions, (Doc. No. 25), filed April 6, 2021, which will be addressed by separate Order.

The hearing was held on June 23, 2021, with both Plaintiff and Defendant's counsel of record present. See Minute Entry (Doc. No. 31), entered June 23, 2021. The Court heard from Defendant's counsel and Plaintiff regarding the issues raised in the Motion. The record of the hearing is incorporated herein. Upon consideration, the Motion is due to be granted in part and denied in part as discussed below.

## II. Background

Plaintiff, an African-American male, initiated this action by filing a Complaint on July 31, 2020. See Complaint (Doc. No. 1; "Compl."). The Complaint alleges as follows. "One of Plaintiff's hobbies is car maintenance and restoration" and "Plaintiff owns a 1986 Chevy Caprice that has been his 'project car.'" Compl. at 2 ¶ 6.[2] "Plaintiff had restored the [1986] Chevy Caprice to the point that [he] was ready to put new tires on it." Id. ¶ 7.

On July 18, 2020, Plaintiff telephoned Defendant's Ponte Vedra Beach store inquiring about a purchase for four tires for his "project car." Id. ¶ 10. Defendant's employee ordered the tires for Plaintiff, informed Plaintiff that the tires would be available for pickup the following week and provided Plaintiff with a quote of $62.00 per tire, plus tax. Id. ¶ 12. Plaintiff called the store two more times to ensure that the tires were at the store and to inform the store that he would be picking them up later that week. Id. at 2-3 ¶¶ 13-14.

---

[2] For ease of reference, the undersigned refers to the car at issue as the 1986 Chevy Caprice or as the "project car."

On Friday, July 24, 2020, Plaintiff went to Defendant's store to purchase the four tires that Defendant's employee had ordered for him. Id. at 3 ¶ 15. When Plaintiff initially entered Defendant's store, a "white female employee" was assisting "a white male customer" that "was completing a credit or debit card transaction[.]" Id. ¶ 16. After this transaction, Plaintiff identified himself and told the employee that he was there to purchase the tires. Id. ¶ 17. Thereafter, "Plaintiff removed his debit card from his wallet and indicated that he was prepared to" purchase the four tires as previously discussed in the phone calls. Id. ¶ 18.

Defendant's employee eventually excused herself and telephoned her manager; when the employee returned, she informed Plaintiff that he would be unable to pay with his debit card "because of the risk that it might be a stolen debit card." Id. ¶¶ 21-22. Defendant's employee then stated that if Plaintiff wanted "to purchase the tires, he would have to pay cash" and that "Defendant would also need a copy of Plaintiff's [identification]." Id. at 4 ¶ 23.

After some back-and-forth, Defendant's employee advised Plaintiff that he would not be able to purchase the four tires unless he could pay with cash and permit Defendant to make a copy of his identification. See id. ¶¶ 24-27. Plaintiff left the store as he was unable to purchase the four tires due to insufficient cash on hand. Id. ¶¶ 28-29.

Based on the above allegations, Plaintiff brings two counts of racial discrimination based on Defendant's alleged denial of Plaintiff's right to make

or enforce a contract and Plaintiff's right to purchase property. See id. at 5 (Count I – 42 U.S.C. §§ 1981, 1988), 6 (Count II – 42 U.S.C. §§ 1982, 1988).

### III. Discussion

Defendant argues that it should be allowed to inspect Plaintiff's project car because "Plaintiff represented that he would make the 1986 Chevy Caprice vehicle available for inspection" and that the inspection of the project car is "directly related to the issues in this case." Motion at 1, 6.[3] As support for these arguments, Defendant contends that Plaintiff (in his Complaint) represents that the project car had been restored to a point that it was ready for specific tires (235/70/R15) to be put on it. See id. at 6; see also Compl. at 2 ¶¶ 7, 10.

Defendant also alleges that the inspection of the 1986 Chevy Caprice is related to its affirmative defenses including that "Plaintiff failed to mitigate his damages and that he could not have purchased the [four] tires" due to Plaintiff allegedly lacking the requisite information required in accordance with Defendant's carry-out merchandise policy. Motion at 6-7.

Plaintiff's one-line response addresses only relevancy. However, at the hearing, Plaintiff represented that his main objection to the inspection is that he does not want Defendant touching or altering his project car; and Plaintiff

---

[3] Specifically, Defendant requests that the Court compel the inspection of the project car pursuant to the outstanding request in Defendant's First Request for Production of Documents. See Motion at 5-6.

suggested that he would be willing to send pictures of the 1986 Chevy Caprice to Defendant.

Rule 34, Federal Rules of Civil Procedure ("Rule(s)"), allows a party to "serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

Pursuant to Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. A district court has broad discretion to compel or deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011).

Here, the inspection of the project car is relevant and proportional to the needs of the case. As to relevancy, Plaintiff states in his Complaint that the 1986 Chevy Caprice was "restored . . . to the point that Plaintiff was ready to put new tires on it." Compl. at 2 ¶ 7. Further, Plaintiff inquired about specific

tires (235/70/R15) to put on his project car. Id. ¶ 10. Moreover, Defendant has asserted an affirmative defense relating to Plaintiff's ability to purchase the four tires during the alleged incident at the store. See Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. No. 15), filed September 29, 2020, at 10-11.

Defendant seeks to inspect the project car to determine if it possesses all the information (such as tag information and vehicle identification number (VIN)) needed to purchase the four tires in accordance with its carry-out merchandise policy. Thus, an inspection of the 1986 Chevy Caprice is relevant to both parties' claims and defenses as Plaintiff implies that he went to the store to buy tires for his project car, and Defendant argues that Plaintiff would have been unable to buy those tires.

As to proportionality, Defendant represented during the June 23, 2021 hearing that it is only seeking to inspect the 1986 Chevy Caprice (Plaintiff has multiple cars). Defendant stated that it would not be driving the project car, but instead would like to test the car's functionality and the current condition of it. Defendant offered that the inspection would likely entail observation of the car, potential measuring, and/or crawling around the car. Additionally, Defendant is offering to pay for the inspection and to have the inspection performed at an agreeable time and place for Plaintiff.[4]

---

[4] As Defendant stated in its Motion, the first inspection was scheduled to take place at Plaintiff's home. See Motion at 3.

As further discussed at the hearing, Defendant shall provide Plaintiff notice of the inspection <u>not less than seven days</u> before the date of the inspection. The notice shall also include details as to what the inspection will entail (such as touching, measuring, length of time of inspection). Should Plaintiff have any objections to the inspection, he shall voice said objections to Defendant. However, Plaintiff is reminded that the inspector will likely need to touch the car and perform other maintenance actions on it.

Finally, Defendant "requests that the Court order Plaintiff to pay all [of Defendant's] attorneys' fees and costs associated with the Motion." Motion at 7; <u>see also</u> <u>id.</u> at 7-8. Rule 37 states that "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion[ ] . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, after considering the parties' arguments made during the hearing, the Court finds awarding Defendant its attorneys' fees and costs would be unjust. The Motion is due to be denied to the extent that Defendant seeks its reasonable attorneys' fees and costs.

### IV.   Conclusion

Based on the foregoing, it is

**ORDERED**:

1.   Defendant's Motion to Compel Inspection of Vehicle and Request for Sanctions (Doc. No. 27) is **GRANTED in part** and **DENIED in part**.

2.   The Motion is **GRANTED** to the extent that Defendant may inspect the 1986 Chevy Caprice (the project car) as soon as practicable, but no later than **August 6, 2021**.

3.   Defendant shall give Plaintiff **seven (7) days notice** after scheduling the inspection. This notice shall also provide details about the inspection to Plaintiff as set out in the Order. Prior to the inspection, Plaintiff shall voice any objections about the details of the inspection to Defendant.

4.   The Motion is **DENIED** to the extent that Defendant seeks its reasonable attorneys' fees and costs associated with the Motion.

**DONE AND ORDERED** in Jacksonville, Florida on July 20, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies to:
Counsel of Record

Derrick Ray
8990 U.S. Highway 1 North
Saint Augustine, Florida 32095