**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DERRICK RAY,

        Plaintiff,

v.                                Case No. 3:20-cv-857-MMH-JRK

BRIDGESTONE RETAIL
OPERATIONS, LLC, d/b/a
Tires Plus Total Car Care,

        Defendant.
_____

# O R D E R

## I.  Status

This cause is before the Court on Defendant's Motion to Compel Production of Documents from Plaintiff and Request for Sanctions (Doc. No. 25; "Motion"), filed April 6, 2021. The Court entered an Order on April 27, 2021, taking the Motion under advisement and giving Plaintiff until May 18, 2021 to file a response to the Motion. See Order (Doc. No. 26). On May 14, 2021, Plaintiff filed a one-line response (Doc. No. 29) stating that "[t]he outstanding discovery being requested is irrelevant to the occurrences of July 24, 2020." The undersigned, upon review of the filings, entered an Order setting a hearing on the Motion. See Order (Doc. No. 30), entered June 3, 2021.[1]

---

[1] The hearing was also set on Defendant's Motion to Compel Inspection of Vehicle and Request for Sanctions, (Doc. No. 27), filed May 4, 2021, which was addressed by separate Order (Doc. No. 37), entered July 20, 2021.

The hearing was held on June 23, 2021, with both Plaintiff and Defendant's counsel of record present. See Minute Entry (Doc. No. 31), entered June 23, 2021. The Court heard from Defendant's counsel and Plaintiff regarding the issues raised in the Motion. The record of the hearing is incorporated herein. Upon consideration, the Motion is due to be granted in part and denied in part as discussed below.

## II.   Discussion

Pursuant to Rule 34, Federal Rules of Civil Procedure ("Rule(s)"), a party may request production of documents within the scope of Rule 26(b). See Fed. R. Civ. P. 34(a).

Rule 26 states as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. A district court has broad discretion to compel or deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011).

For ease of discussion, the undersigned will address each outstanding discovery request as categorized in Defendant's Motion.

A.  **Discovery Requests**

1.  **Defendant's First Request for Production of Documents**

**Request No. 1:** All documents reviewed, referred to, or relied upon in connection with the preparation of [Plaintiff's] answers to [Defendant]'s First Set of Interrogatories.

Motion at 8. The Motion is granted as to Request No. 1. Plaintiff must produce any non-privileged document(s) that he used in answering Defendant's First Set of Interrogatories. If Plaintiff did not use, or does not possess, any document(s) he may have used in answering these interrogatories, he must simply state so. However, Plaintiff is reminded to diligently search for any document(s) used in answering said questions.

**Request No. 2:** All documents identified and/or listed in [Plaintiff's] answers to [Defendant]'s First Set of Interrogatories.

Id. at 9. For the reasons stated above as to Request No. 1, the Motion is granted as to Request No. 2.

**Request No. 5:** All communications, diaries, notes, records, memoranda, records, telephone or other conversations that [Plaintiff] prepared, maintained or kept, or participated in preparing, maintaining or keeping, regarding the lawsuit, the Defendant, any of Defendant's employees, and/or any of Defendant's retail stores.

Id. The Motion is granted as to Request No. 5. As discussed at the June 23, 2021 hearing, Plaintiff need only produce non-privileged information that relates to the underlying incident. If Plaintiff does not possess any document(s) and/records (for example any diaries or notes) as described above in Request

No. 5, he must simply state so, but Plaintiff is reminded to diligently search for any such document(s) and/or records.

> **Request No. 9:** All documents that support, refer, or relate to Plaintiff's allegations that [Defendant] or [Defendant]'s employees discriminated against [Plaintiff], or any reporting by [Plaintiff] of issues relating to discrimination.

<u>Id.</u> The Motion is granted as to Request No. 9. If Plaintiff does not possess any document(s) as described above in Request No. 9, he must simply state so, but Plaintiff is reminded to diligently search for any document(s).

> **Request No. 13:** All documents and correspondence relating to the 1986 Chevy Caprice, referred to as Plaintiff's "project car," as alleged in the Complaint at paragraphs six and seven, including, but not limited to, all titles of ownership, registrations, license plate documentation, insurance documentation, bills of sale, receipts, receipts for auto parts and equipment used with or installed on the vehicle, and all other service records.

<u>Id.</u> The Motion is granted as to Request No. 13. If Plaintiff does not possess any document(s) and/or correspondence as described above in Request No. 13, he must simply state so, but Plaintiff is reminded to diligently search for any document(s) and/or correspondence.

> **Request No. 15:** All documents, including telephone records, relating to the telephone calls alleged in the Complaint at paragraphs ten through fourteen.

<u>Id.</u> at 10. The Motion is granted as to Request No. 15. As discussed at the June 23, 2021 hearing, if Plaintiff did not save or unintentionally deleted any messages off his phone, Plaintiff may need to contact his telephone provider to inquire whether any records were saved and/or stored. Additionally, Plaintiff

may need to search any storage he may have (for example on a computer on iCloud storage). Further, the records must show who Plaintiff called or communicated with (by showing telephone numbers or the like). If Plaintiff does not possess any document(s) as described above in Request No. 15, he must simply state so, but Plaintiff is reminded to diligently search for any document(s) as previously discussed (such as contacting his telephone provider or searching through any computer storage).

> **Request No. 16:** All financial records supporting that Plaintiff had sufficient funds available on July 24, 2020 to purchase the four tires at $62.00 each, plus tax.

Id. The Motion is granted as to Request No. 16 for the reasons discussed infra pp. 6-7 regarding Plaintiff's bank accounts.

> **Request No. 18:** Copies of all non-privileged written and electronic letters, correspondence, messages, emails, and text messages that Plaintiff sent to any other person or entity that relates to any of the allegations in the Complaint or any facts that are relevant to any claims or defenses in the Lawsuit.

Id. For the reasons stated above as to Request Nos. 5 and 15, the Motion is granted as to Request No. 18.

> **Request No. 19:** Copies of all documents received in response to any subpoena issued by Plaintiff or Plaintiff's counsel in connection with the Lawsuit.

Id. The Motion is granted as to Request No. 19. Although Plaintiff answered "[n]one" to this request, and Defendant suggests that Plaintiff's answer "may have been combined" with his answer to Request No. 20, see id. at 10, 11 n.2,

Plaintiff shall produce any documents he received and if he does not possess any or did not receive any, he shall simply state so.

Request No. 20 seeks an inspection of Plaintiff's 1986 Chevy Caprice (the project car). See id. at 10. As this matter has been addressed and resolved in the Court's July 20, 2021 Order, see Order (Doc. No. 37), the undersigned need not address this specific request.

### 2. Defendant's Second Request for Production of Documents

**Request No. 2:** All documents relating to each vehicle identified in response to Interrogatory Number 1 of [Defendant]'s Second Set of Interrogatories to Plaintiff, including, but not limited to, all titles of ownership, registrations, license plate documentation, insurance documentation, bills of sale, receipts, receipts for auto parts and equipment used with or installed on the vehicle, and all other service records.

Motion at 11. The Motion is granted as to Request No. 2. If Plaintiff does not possess any document(s) as described above in Request No. 2, he must simply state so, but Plaintiff is reminded to diligently search for any document(s).

### 3. Outstanding Discovery Mentioned during Plaintiff's Deposition on February 3, 2021

Plaintiff discussed the following information during his deposition that Defendant seeks to be compelled: 1) the receipts for the four tires that Plaintiff allegedly bought for the 1986 Chevy Caprice (not purchased from Defendant's store); 2) the papers that Plaintiff represented he had in his back pocket while at Defendant's store on July 24, 2020; 3) information regarding Plaintiff's four

(4) Chase bank accounts; and 4) Plaintiff's text messages with Ed Henderson relating to the underlying incident. Id.

The Motion is granted as to the information identified above. As discussed during the June 23, 2021 hearing, Plaintiff is to search for the receipt for the four tires, and if a paper copy of the receipt cannot be found, Plaintiff shall search through his credit card statements or online application(s) to find the online transaction information. As further discussed at the hearing, if Plaintiff's business bank accounts were opened after the alleged incident, he must provide proof of when the account(s) were opened to show such information is accurate. The information must be sufficient to show that the bank accounts belong to Plaintiff. Finally, Plaintiff is to produce the text messages with Ed Henderson that relate to the incident at hand. As explained during the hearing, Plaintiff does not need to produce every single text message with Mr. Henderson but only those messages that relate to his claims.

### 4. Clearer Copies of Documents

Defendant also seeks clearer copies of the following two items that Plaintiff previously produced: 1) the Application for Title (GMC); and 2) Vehicle Registration (GMC). See id. The Motion is granted as to the request for clearer copies of the two items previously produced by Plaintiff.

### B. Request for Sanctions

Finally, Defendant "requests that the Court order Plaintiff to pay all [of Defendant's] attorneys' fees and costs associated with the Motion." Id. at 13; see

also id. at 13-14. Rule 37 states that "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion[ ] . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, after considering the parties' arguments made during the hearing, the Court finds awarding Defendant its attorneys' fees and costs would be unjust. Accordingly, the Motion is due to be denied to the extent that Defendant seeks reasonable attorneys' fees and costs. Plaintiff is cautioned that future issues regarding discovery may warrant awarding Defendant's attorneys' fees and costs as well as other potential sanctions.

### III.   Conclusion

Based on the foregoing, it is

**ORDERED**:

1.     Defendant's Motion to Compel Production of Documents from Plaintiff and Request for Sanctions (Doc. No. 25) is **GRANTED in part** and **DENIED in part**.

2.     The Motion is **GRANTED** to the extent that no later than **August 20, 2021**, Plaintiff must produce the information as detailed in this Order.

3.  The Motion is **DENIED** to the extent that Defendant seeks reasonable attorneys' fees and costs associated with the Motion.

**DONE AND ORDERED** in Jacksonville, Florida on August 3, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies to:
Counsel of Record

Derrick Ray
8990 U.S. Highway 1 North
Saint Augustine, Florida 32095