UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK RAY,

    Plaintiff,

vs.
                                  Case No. 3:20-cv-857-MMH-LLL

BRIDGESTONE RETAIL
OPERATIONS, LLC, d/b/a
Tires Plus Total Car Care,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment (Doc. 54; Motion), filed on November 5, 2021. On December 22, 2021, Plaintiff Derrick Ray filed a Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 60; Response).[1] Thus, this matter is ripe for review.

This case arises out of an incident in which Defendant's employee, Ashley Feliciano, declined to allow Plaintiff to purchase tires for "carry out" using his

---

[1] Plaintiff first filed a response on November 10, 2021. See Response to Bridgestone's Motion for Summary Judgment (Doc. 56; First Response). However, on November 30, 2021, the Court entered an order striking the First Response due to Plaintiff's failure to "appreciate the legal principles that apply to summary judgment motions under Rule 56, Federal Rules of Civil Procedure(s))." See Order (Doc. 59). Thus, the Court provided Plaintiff an opportunity to file a proper response upon review of the Court's Summary Judgment Notice (Doc. 55).

bank card at Defendant's Ponte Vedra location.  See generally Complaint (Doc. 1).  Defendant, pursuant to written policy, directs its employees to obtain the following information for processing a carry out sale with a bank card:

> 1. Obtain and document the required information on the sales ticket.
>    a. Vehicle description
>    b. License plate number and state of issuance
>    c. VIN number
>       • If you are unable to obtain the above information, you must ask the Boss for another form of payment. It cannot be placed on a Bank Card.
> 2. Obtain the Boss's drivers' license number and the issuing state making sure that the name on the driver's license is the same as the Bank Card, but do not document this on the sales ticket.

See Doc. 54-3 (Carry Out Policy).  Ms. Feliciano, in contravention of this policy and her supervisor's instructions, insisted that Plaintiff could not purchase the tires unless he paid with cash and provided a photocopy of his driver's license. See Videotaped Deposition by Zoom of Derrick Dontay Ray (Doc. 54-5) at 43; see Deposition of Ashley Feliciano (Doc. 54-2) at 27.  Defendant contends that Ms. Feliciano merely misunderstood the company's policy regarding carry out purchases.  See Motion at 10-14.[2]  Plaintiff maintains that Ms. Feliciano acted with the intent to discriminate against him based on his race in violation of 42

---

[2] Defendant argues that the "evidence confirms that Ms. Feliciano honestly misunderstood the Carry Out Policy . . . ." Id. at 24.  In light of the specific testimony from Defendant's manager that twice during Ms. Feliciano's encounter with Plaintiff, he advised Ms. Feliciano of the correct requirements of the Carry Out Policy, and she nevertheless insisted that Plaintiff pay cash, the question of whether Ms. Feliciano "honestly" misunderstood the policy is quintessentially a credibility determination reserved to the jury.

U.S.C. §§ 1981 and 1982.  See Response at 2.  Upon review of the record, there is genuine dispute of material fact regarding Ms. Feliciano's motivation for refusing to allow Plaintiff to purchase the tires with his bank card.  See Fed. R. Civ. P. 56; see also Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).  Accordingly, Defendant's Motion for Summary Judgment is due to be **DENIED.**[3]

In light of the foregoing, it is

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. 60) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of May, 2022.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc28
Copies to:

Counsel of Record
Pro Se Party

---

[3]   If the parties believe that a settlement conference before the Magistrate Judge would be beneficial, they may advise the Court.