# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DERRICK RAY,

      Plaintiff,

vs.                                 Case No. 3:20-cv-857-MMH-LLL

BRIDGESTONE RETAIL
OPERATIONS, LLC d/b/a
Tires Plus Total Care,

      Defendant.

_____

# <u>O R D E R</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion for Relief From a Final Judgment Order (Doc. 114; Motion), filed on January 21, 2025. Citing Rule 60(b) of the Federal Rules of Civil Procedure (Rule(s)), Plaintiff seeks relief from the Court's Order dismissing this case with prejudice (Doc. 112; Dismissal Order). <u>See</u> Motion at 1. This matter is ripe for review.

Rule 60(b) provides,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Rule 60(b). The rule empowers a district court "'to vacate judgments whenever such action is appropriate to accomplish justice.'" Griffin v. Swim–Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)). While the court is vested with substantial discretion in granting relief under Rule 60(b), see Abimbola v. Broward Cnty., 266 F. App'x 908, 910 (11th Cir. 2008) (quoting Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)), "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments," Griffin, 722 F.2d at 680.[1] Accordingly, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 26, 1981) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)).[2] With this goal in mind, "it is often said that the rule should be liberally construed in

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

order to do substantial justice." <u>Id.</u> Thus, "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." <u>Id.</u>

In the Motion, Plaintiff requests that the Court grant him relief from the Dismissal Order. <u>See</u> Motion at 1. However, Plaintiff has failed to provide <u>any</u> factual or legal support for this request. Indeed, none of the arguments he presents even relate to the basis of the Dismissal Order. Instead, Plaintiff attempts to litigate the merits of his case, and raises complaints about both the litigation process and his prior counsel. None of these arguments warrant reconsideration of the Court's judgment. As such, the Motion is due to be denied.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Relief From a Final Judgment Order (Doc. 114) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of March, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
<u>Pro</u> <u>Se</u> Party
Counsel of Record